IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KAHLIM HOPKINS, | § | |
| | § | No. 166, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2202011216 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: October 25, 2023
Decided: December 1, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, the Court concludes that:

(1)     In May 2022, a grand jury indicted the appellant, Kahlim Hopkins, for first-degree murder and weapon charges. Hopkins was seventeen at the time of the crimes. After a reverse amenability hearing under 10 *Del. C.* §1011, the Superior Court denied Hopkins's motion to transfer the charges to the Family Court.

(2)     On February 28, 2023, Hopkins pleaded guilty to manslaughter as a lesser included offense of first-degree murder and possession of a firearm during the commission of a felony ("PFDCF") in exchange for dismissal of the other charges.

As part of the plea agreement, the State also agreed not to recommend a sentence of more than twelve years of unsuspended Level V time. After a presentence investigation, the Superior Court sentenced Hopkins as follows: (i) for manslaughter, twenty-five years of Level V incarceration, with credit for 417 days previously served, suspended after eight years for decreasing levels of supervision; and (ii) for PFDCF, twenty-five years of Level V incarceration, suspended after three years for two years of Level III probation. This appeal followed.

(3) On appeal, Hopkins's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Hopkins of the provisions of Rule 26(c) and provided Hopkins with a copy of the motion to withdraw and the accompanying brief.

(4) Counsel also informed Hopkins of his right to identify any points he wished this Court to consider on appeal. Hopkins has submitted points for this Court's consideration. The State has responded to Hopkins's arguments and has moved to affirm the Superior Court's judgment.

(5) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally

2

devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(6) Hopkins's arguments on appeal may be summarized as follows: (i) he acted in self-defense; (ii) the victim, a convicted felon, was under the influence of drugs, acted erratically and violently, and possessed a knife at the time of the shooting; (iii) there is video of the events leading to the shooting, but no video of the shooting; (iv) he was the only person charged in connection with the shooting; (v) he has taken responsibility for his actions and already obtained his GED as required by the sentencing order; and (vi) his counsel was ineffective for failing to present evidence that Hopkins asked to be included.

(7) The disposition of most of Hopkins's claims depends on whether Hopkins entered his guilty plea knowingly, intelligently, and voluntarily. Under Delaware law, a knowing, intelligent, and voluntary guilty plea constitutes a waiver of the defendant's right to challenge any errors occurring before the entry of the plea.[2] The record reflects that Hopkins's plea was knowing, intelligent, and voluntary.

(8) In the Truth-in-Sentencing Guilty Plea form, Hopkins indicated that he understood he was waiving certain constitutional rights, including his right to

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).
[2] *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003); *Downer v. State*, 543 A.2d 309, 312–13 (Del. 1988).

3

question the witnesses against him and to present evidence in his defense. During his plea colloquy with the Superior Court judge, Hopkins affirmed that he had reviewed the guilty plea form with his counsel, no one forced him to plead guilty, he understood that he was giving up certain constitutional rights, including the right to question witnesses and present evidence in his own defense, and that he faced a sentence of up to fifty years, which included a five-year minimum mandatory sentence that could not be suspended. He also affirmed that he committed the crimes of manslaughter and PFDCF.

(9) Absent clear and convincing evidence to the contrary, which he has not identified, Hopkins is bound by his representations during the plea colloquy and in the Truth-in-Sentencing Guilty Plea Form.[3] As a result of his knowing, intelligent, and voluntary guilty plea, Hopkins has waived his claims concerning his defenses to the charges and the sufficiency of the State's evidence.[4]

(10) We construe Hopkins's claim concerning his acceptance of responsibility and completion of his GED as a challenge to his sentence. Our review of a sentence is "limited to whether the sentence is within the statutory limits prescribed by the General Assembly and whether it is based on factual predicates

---

[3] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).
[4] *See, e.g., Fonville v. State*, 2015 WL 5968251, at *2 (Del. Oct. 13, 2015) (holding that the defendant's knowing, intelligent, and voluntary guilty plea waived his right to challenge any discovery issues or the sufficiency of the State's evidence); *Krahn v. State*, 2011 WL 4823815, at *1 (Del. Oct. 11, 2011) (rejecting the defendant's claim of self-defense because his knowing, intelligent, and voluntary guilty plea waived claims of error or defect occurring before the plea).

4

[that] are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[5] When the sentence is within the statutory limits, this Court will not find an abuse of discretion unless it is clear that the sentencing judge relied on impermissible factors or exhibited a closed mind.[6]

(11) Hopkins's sentence falls within statutory limits.[7] The record does not reflect that the sentence was based on false, impermissible, or unreliable facts. Nor is there any sign of judicial vindictiveness, bias, or a closed mind. Before imposing the sentence, the Superior Court judge heard from Hopkins's counsel, the victim's family, the State, and Hopkins and carefully explained the aggravating and mitigating factors he considered in crafting Hopkins's sentence. Finally, we decline to consider Hopkins's ineffective-assistance-of-counsel claim for the first time on direct appeal.[8]

(12) Having carefully reviewed the record, we conclude that Hopkins's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record

---

[5] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

[6] *Id.*

[7] 11 *Del. C.* § 632 (defining manslaughter as a class B felony); 11 *Del. C.* § 1447A (defining PFDCF as a class B felony and providing for a minimum Level V sentence of three years); 11 *Del. C.* § 4205 (providing that sentence for class B felony is two years to twenty-five years at Level V).

[8] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994) ("This Court has consistently held it will not consider a claim of ineffective assistance of counsel on direct appeal if that issue has not been decided on the merits in the trial court.").

and the law and has properly determined that Hopkins could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice